# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

JOCELYN BENSON in her official capacity as Secretary of the State of MICHIGAN and the STATE OF MICHIGAN.

*Defendants*.

Case No. 1:25−cv−01148−HYJ−PJG

**LEAGUE OF WOMEN VOTERS OF MICHIGAN'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenor-Defendant the League of Women Voters of Michigan ("Proposed Intervenor-Defendant") answers Plaintiff's Complaint (ECF No. 1) as follows:

**I.   INTRODUCTION[1]**

The unnumbered introductory paragraph contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant incorporates by reference the paragraphs below as its response, denies the allegations, and denies that Plaintiff is entitled to any relief.

1. Paragraph 1 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies that this action properly arises under the statutes cited.

---

[1] Headings from the Complaint are reproduced here for clarity. This is not intended to admit any allegation contained in the Complaint. To the extent any heading or subheading in the Complaint constitutes an allegation, that allegation is denied.

1

2. Proposed Intervenor-Defendant denies, based on the information available, that Jocelyn Benson, in her official capacity as Secretary of State of Michigan and the State of Michigan ("Defendants") have failed to comply with the Civil Rights Act ("CRA"), National Voter Registration Act ("NVRA") or Help America Vote Act ("HAVA").

3. Proposed Intervenor-Defendant admits that the CRA is codified at 52 U.S.C. § 20701, *et seq.*, but denies that paragraph 3 accurately represents Section 301 of the CRA.

4. Proposed Intervenor-Defendant admits that the quoted language in paragraph 4 from Section 303 of the CRA is accurate. Proposed Intervenor-Defendant denies that Paragraph 4 contains all pertinent parts of Section 303. Section 303 also states "This demand shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

5. Proposed Intervenor-Defendant admits that the quoted language in paragraph 5 is correctly quoted from the NVRA but denies the remaining allegations.

6. Proposed Intervenor-Defendant admits that the quoted text in Paragraph 6 is correctly, but partially, quoted from HAVA but denies the remaining allegations.

7. Proposed Intervenor-Defendant denies that the action is proper under any of the statutes cited or that the United States ("Plaintiff") is otherwise entitled to any relief. Proposed Intervenor-Defendant denies the remaining allegations in Paragraph 7.

## II. JURISDICTION AND VENUE

8. Proposed Intervenor-Defendant admits the allegations in Paragraph 8.

9. Proposed Intervenor-Defendant admits the allegations in Paragraph 9.

### III. PARTIES

10. Paragraph 10 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

11. Proposed Intervenor-Defendant admits that Defendant State of Michigan is a state of the United States and is subject to certain provisions of the NVRA, HAVA, and the CRA.

12. Proposed Intervenor-Defendant admits that Defendant Secretary of State Jocelyn Benson is sued in her official capacity only. The remaining allegations in Paragraph 12 contain legal conclusions to which no response is required.

### IV. STATUTORY BACKGROUND

**A. The Civil Rights Act of 1960**

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself but denies that the CRA authorizes the Attorney General to request each of the records that are the subject of this action. Proposed Intervenor-Defendant further denies that the Attorney General has stated a sufficient basis and purpose for receiving the records at issue.

14. Paragraph 14 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself.

15. Proposed Intervenor-Defendant admits that the quoted language in Paragraph 15 from Section 303 of the CRA is accurate. Proposed Intervenor-Defendant denies that Paragraph 21 contains all pertinent parts of Section 303. Section 303 also states "This demand shall contain a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

B. **The National Voter Registration Act.**

16. Paragraph 16 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately, but incompletely, quoted from the NVRA but denies the remaining allegations.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

18. Paragraph 18 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

19. Paragraph 19 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA and its legislative history but denies the remaining allegations.

20. Paragraph 20 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

21. Paragraph 21 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

22. Paragraph 22 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself.

23. Proposed Intervenor-Defendant admits that the quoted language in Paragraph 23 is correctly quoted from the NVRA.

24. Paragraph 24 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the NVRA but denies the remaining allegations.

C. **The Help America Vote Act**

25. Proposed Intervenor-Defendant admits that quoted text in Paragraph 25 is correctly, but partially, quoted from the legislative history cited but denies the remaining allegations.

26. Paragraph 26 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the legislative history cited contains the quoted text, which is only part of the document and alleges that the legislative history speaks for itself.

27. Paragraph 27 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is correctly, but partially, quoted from HAVA but denies the remaining allegations.

28. Paragraph 28 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from HAVA but denies the remaining allegations.

29. Paragraph 29 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from HAVA but denies the remaining allegations.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself. Proposed Intervenor-Defendant admits that Michigan falls within the definition "state" outlined in 52 U.S.C. § 21141.

32. Paragraph 32 contains legal conclusions to which no response is required. Proposed Intervenor-Defendant admits that HAVA incorporates by reference certain provisions of the NVRA and alleges that the statute speaks for itself.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant alleges that the statute speaks for itself but denies that HAVA authorizes the Attorney General to seek relief upon the claims stated in Plaintiff's Complaint.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegation.

## V. FACTUAL ALLEGATIONS

35. Based on the information available, Proposed Intervenor-Defendant admits that Plaintiff sent Secretary Benson a letter seeking information regarding Michigan's voter

registration list. Proposed Intervenor-Defendant alleges that the letter speaks for itself and denies the remaining allegations.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant admits that the quoted text is accurately quoted from the cited website. The cited website otherwise speaks for itself.

37. Proposed Intervenor-Defendant admits that the cited website contains the quoted text. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the accuracy of the EAC report and therefore denies the allegations in Paragraph 37.

38. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 38 and therefore denies them.

39. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 39 and therefore denies them.

40. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 40 and therefore denies them.

41. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 41 and therefore denies them.

42. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 42 and therefore denies them.

43. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 43 and therefore denies them.

44. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 44 and therefore denies them.

45. Based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 45 and therefore denies them.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, based on the information available, Proposed Intervenor-Defendant cannot admit or deny the allegations in Paragraph 46 and therefore denies them.

47. Paragraph 47 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Proposed Intervenor-Defendant denies the allegations.

50. Paragraph 50 contains legal conclusions to which no response is required.  To the extent a response is required, Proposed Intervenor-Defendant admits that the Department of Justice is required to comply with applicable privacy laws but denies the remaining allegations.

51. Paragraph 51 contains legal conclusions to which no response is required. Proposed Intervenor-Defendant denies allegations that suggest that the Civil Rights Division has complied with the Privacy Act, or that the relief requested in the Complaint would be consistent with the Privacy Act.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Proposed-Intervenor Defendants state that the quoted website speaks for itself. Based on the information available, Proposed-Intervenor-Defendant cannot admit or deny the allegations in Paragraph 52 and therefore denies them.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Proposed-Intervenor Defendant cannot admit or deny the allegations in Paragraph 53 based on the information available and therefore denies them. Proposed Intervenor-Defendant further denies that Michigan has refused to comply with federal law.

### VI.  CLAIMS FOR RELIEF

### COUNT I: CRA, 52 U.S.C. § 20703

54. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

55. Based on the information available, Proposed Intervenor-Defendant admits that Plaintiff sent Secretary Benson a letter seeking information regarding Michigan's voter registration list. Proposed Intervenor-Defendant alleges that the letter speaks for itself and denies the remaining allegations in Paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent a response is required, Proposed-Intervenor Defendant cannot admit or deny the allegations in Paragraph 56 based on the information available and therefore denies them.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent a response is required, Proposed-Intervenor Defendant cannot admit or deny the allegations in Paragraph 57 based on the information available and therefore denies them.

### COUNT II: NRVA, 52 U.S.C. § 20507(i)

58. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent a response is required, Proposed-Intervenor Defendant cannot admit or deny the allegations in Paragraph 59 based on the information available and therefore denies them.

60. Proposed Intervenor-Defendant denies the allegations in Paragraph 60.

61. Proposed Intervenor-Defendant denies the allegations in Paragraph 61.

### COUNT III: HAVA, 52 U.S.C. § 21083

62. Proposed Intervenor-Defendant incorporates by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

63. Proposed Intervenor-Defendant denies the allegations in Paragraph 63.

64. Proposed Intervenor-Defendant denies the allegations in Paragraph 64.

65. Proposed Intervenor-Defendant denies the allegations in Paragraph 65.

66. Proposed Intervenor-Defendant denies the allegations in Paragraph 66.

### GENERAL DENIAL

Proposed Intervenor-Defendant denies every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

### AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without assuming any burden not imposed by law, Proposed Intervenor-Defendant asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to establish entitlement to injunctive relief.

3. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

    4.      Plaintiff lacks authority to bring this cause of action.

Proposed Intervenor-Defendant reserves the right to add additional Affirmative Defenses to Plaintiffs' Complaint as the existence of such defenses is discovered through the course of discovery or otherwise.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenor pray for judgment as follows:

    A.      That the Court dismiss the Complaint for Declaratory and Injunctive Relief with prejudice;

    B.      That judgment be entered in favor of Proposed Intervenor-Defendant and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

    C.      That Proposed Intervenor-Defendant be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

    D.      For such other and further relief as the Court deems appropriate.

Dated: October 30, 2025                    Respectfully submitted,

                                            */s/Mark Brewer*
                                            Mark Brewer (P35661)
                                            Goodman Acker P.C.
                                            Two Towne Square, Suite 444
                                            Southfield, Michigan 48076
                                            MBrewer@goodmanacker.com

Andrew B. Garber
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
Tel: (646) 292-8310
Fax: (212) 463-7308
garbera@brennan.law.nyu.edu

Maura Eileen O'Connor*
Brennan Center for Justice
at NYU School of Law
777 6th St., NW, Ste. 1100
Washington, DC 20002
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Sejal Jhaveri*
Brent Ferguson*
Daniel S. Lenz*
Alexis Grady*
Renata O'Donnell*
Heather Szilagyi*
Kate Hamilton*
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222
sjhaveri@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
agrady@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

**Motions for Admission Forthcoming*

Counsel for Proposed Intervenor-Defendant
League of Women Voters of Michigan