IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOCELYN BENSON in her official capacity as Secretary of the State of MICHIGAN and the STATE OF MICHIGAN.<br><br>    *Defendants*. | Case No. 1:25-cv-01148-HYJ-PJG |

**LEAGUE OF WOMEN VOTERS OF MICHIGAN'S MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION TO INTERVENE**

Pursuant to Local Civil Rule 7.3(c), by this motion Proposed Intervenor-Defendant League of Women Voters of Michigan moves this Court for an order granting leave to file a reply brief in support of its motion to intervene. For the reasons discussed in the memorandum in support, below, Proposed Intervenor-Defendant requests that the Court grant it leave to file the reply brief attached to this motion as Exhibit 1.

Per Local Rule 7.1(d), counsel for Proposed Intervenor-Defendant conferred with counsel for the existing parties about their positions on this motion. On November 17, 2025, counsel for Plaintiff stated that "[a]ssuming [the motion] is based on the same grounds that we have received in similar sorts of motions in other states, we would oppose." On November 18, an attorney at the Michigan Attorney General's office stated that the State Defendants do not oppose the motion.

November 18, 2025                                                       Respectfully submitted,

/s/ *Renata O'Donnell*

Brent Ferguson (NY4890620)
Daniel S. Lenz (WI1082058)
Sejal Jhaveri (NY5396304)
Renata O'Donnell (NY5767561)
Heather Szilagyi (DC90006787)
Alexis Grady (DC90017620)
Kate Hamilton (DC90006168)
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222

bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
agrady@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

Mark Brewer
Goodman Acker P.C.
Two Towne Square, Suite 444
Southfield, Michigan 48076
MBrewer@goodmanacker.com

Maura Eileen O'Connor*
Brennan Center for Justice
at NYU School of Law
777 6th St., NW, Ste. 1100
Washington, DC 20002
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

Andrew B. Garber (NY5684147)
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
Tel: (646) 292-8310
Fax: (212) 463-7308
garbera@brennan.law.nyu.edu

*Application for Western District of Michigan Admission Forthcoming*

Counsel for Proposed Intervenor-Defendant League of Women Voters of Michigan

## INTRODUCTION

Pursuant to Local Civil Rule 7.3(c), Proposed Intervenor-Defendant League of Women Voters of Michigan (LWVMI) seeks leave to file a reply brief in support of its motion to intervene in this action.

The Court should grant LWVMI's motion because (1) the motion is dispositive as to LWVMI's participation in this matter, making the motion analogous to circumstances under which the Local Rules permit parties to file reply briefs as of right, (2) Plaintiff raises new facts and arguments in its opposition brief to which LWVMI should have an opportunity to respond; and (3) permitting LWVMI to file a reply will not delay this matter or prejudice any party. Proposed Intervenor-Defendant's proposed reply brief is attached as Exhibit 1 to this motion.

## ARGUMENT

**I.     The Court should grant leave to file a reply because a motion to intervene is dispositive as to LWVMI.**

Under this Court's local rules, a movant may file a reply brief without leave of court in support of a "dispositive motion." W.D. Mich. L. Civ. R. 7.2(c). But the rules require leave of court for "nondispositive motions." W.D. Mich. L. Civ. R. 7.3(c). A motion to intervene is not expressly included in Rule 7.2, but the Court's ruling will determine whether LWVMI can participate as a party in this action. Therefore, a ruling that LWVMI cannot intervene has the "practical effect" of a dispositive motion, at least as to LWVMI. *See, e.g.*, *Purnell v. City of Akron*, 925 F.2d 941, 945 (6th Cir. 1991) (recognizing denial of motion to intervene as appealable final order because order "prevents a putative intervenor from becoming a party in any respect") (citation omitted) (citation modified). Accordingly, some courts "have treated the denial of motions to intervene as being functionally equivalent to a dispositive motion." *Sawyers v. Atlas Logistics, Inc.*, No. 3:20-cv-0393, 2020 WL 6383637, at *2 (M.D. Tenn. Oct. 30, 2020). Because

denying LWVMI's motion to intervene would preclude LWVMI from participating as a party to this action, LWVMI should be permitted leave to file a reply.

> **II.    The briefs in opposition to the motion to intervene raise facts and arguments to which LWVMI should be permitted to respond.**

Proposed Intervenor-Defendant also seeks to respond to several claims and factual assertions raised in Plaintiff's opposition to the motion to intervene. Plaintiff's opposition to LWVMI's intervention includes several factual and legal arguments warranting a response. For example, despite clear Sixth Circuit caselaw to the contrary, Plaintiff argues that LWVMI must have Article III standing in order to intervene. *See* ECF No. 26 at 9–11; *but see Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 428 (6th Cir. 2008). Indeed, much of Plaintiff's opposition conflates the standard for intervention with other, inapplicable standards. Absent a reply, LWVMI will be unable to rebut these assertions.

> **III.    Permitting LWVMI to file a reply will not delay this matter or prejudice any party.**

As this Court is aware, there is no current scheduling order, nor have Defendants filed a responsive pleading in this matter. Permitting LWVMI to file the attached reply brief will not delay any existing deadline in this case and will provide the Court with a more fulsome discussion of the issues involved in LWVMI's intervention.

## CONCLUSION

For the foregoing reasons, Proposed Intervenor-Defendant respectfully asks this Court to grant its motion for leave to file a reply brief in support of its motion to intervene.

Dated: November 18, 2025                                        Respectfully submitted,

/s/ *Renata O'Donnell*

Brent Ferguson (NY4890620)
Daniel S. Lenz (WI1082058)
Sejal Jhaveri (NY5396304)
Renata O'Donnell (NY5767561)
Heather Szilagyi (DC90006787)
Alexis Grady (DC90017620)
Kate Hamilton (DC90006168)
Campaign Legal Center
1101 14th St. NW, Suite 400
Washington, DC 20005
Tel: (202) 736-2200
Fax: (202) 736-2222

bferguson@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
sjhaveri@campaignlegalcenter.org
rodonnell@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
agrady@campaignlegalcenter.org
khamilton@campaignlegalcenter.org

Mark Brewer (P35661)
Goodman Acker P.C.
Two Towne Square, Suite 444
Southfield, Michigan 48076
MBrewer@goodmanacker.com

Maura Eileen O'Connor*
Brennan Center for Justice
at NYU School of Law
777 6th St., NW, Ste. 1100
Washington, DC 20002
Tel: (202) 249-7190
oconnore@brennan.law.nyu.edu

 Andrew B. Garber (NY5684147)
Brennan Center for Justice
at NYU School of Law
120 Broadway, Suite 1750
Tel: (646) 292-8310
Fax: (212) 463-7308
garbera@brennan.law.nyu.edu

\* Application for Western District of Michigan Admission Forthcoming

Counsel for Proposed Intervenor-Defendant League of Women Voters of Michigan

## CERTIFICATE OF SERVICE

I certify that on this 18th day of November 2025, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

/s/ *Renata O'Donnell*
Renata O'Donnell

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 564 words. The current version of Word for Microsoft Office 365 was used to generate this word count.

/s/ *Renata O'Donnell*
Renata O'Donnell