# Exhibit B



**STATE OF MICHIGAN**
JOCELYN BENSON, SECRETARY OF STATE
**DEPARTMENT OF STATE**
LANSING

September 2, 2025

**VIA USPS AND EMAIL**
Michael E. Gates, Deputy Assistant Attorney General
U.S. Department of Justice
Civil Rights Division- Voting Section
950 Pennsylvania Ave, NW – 4CON
Washington, D.C. 20530
Michael.Gates2@usjdoj.gov

       **RE: DEPARTMENT OF JUSTICE REQUEST FOR INFORMATION AND DOCUMENTS**

Dear Mr. Gates:

I am writing in response to the United States Department of Justice's ("Department") July 21, 2025 and subsequent follow up letters requesting information regarding Michigan's procedures for complying with the statewide voter registration list maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. §20501 *et seq.*, and the voter verification requirements of the Help America Vote Act of 2002 ("HAVA"), 52 U.S.C. § 20901, *et seq*.

Your initial request is for a list of election officials responsible for implementing Michigan's general program of voter registration list maintenance. Michigan's Secretary of State Jocelyn Benson, Chief Election Officer and Jonathan Brater, Director of Elections are primarily responsible for the voter list maintenance program. Since Michigan's elections are administered by 1,604 county and local election officials; 83 county clerks and 1,521 city and township clerks, have a role in the program as well. See Michigan Compiled Laws (MCL) 168.21 and 168.32.

Additionally, the Department requested a current electronic copy of Michigan's computerized statewide voter registration list, including all fields with confidential, personally identifying information about the registrant. Michigan's computerized statewide voter registration list, called the Qualified Voter File (QVF), can typically be obtained under the Michigan Freedom of Information Act (FOIA) by submitting a Qualified Voter File Data Request Form.[1] While Michigan will provide QVF voter data, some specific data you request is exempt from disclosure under Michigan Election Law, MCL 168.509gg. Additionally, FOIA exempts information of a personal nature, MCL 15.243(1)(d) and any information that would disclose cybersecurity plans, procedures, methods, infrastructure, hardware, or software under MCL 15.243(1)(y)-(z).

The Department submitted a supplemental letter dated August 14, 2025 arguing for the release of all fields within the QVF, and stating that the federal Privacy Act, 5 U.S.C § 552a, and the federal Driver

---

[1] https://www.michigan.gov/-/media/Project/Websites/sos/02lehman/FOIA_FORM.pdf?rev=a5b56f6719104f9ebebb784888335a2d

Privacy Protection Act, 18 U.S.C § 2721, et. seq. (DPPA) do not prevent Michigan from disclosing all fields.

The law does not support this assertion. In its amendment to the Privacy Act of 1974, Congress clarified that the collection, use, and dissemination of private information should be for a *necessary* and lawful purpose. Public Law 93-579 Section 2 (b)(5) (emphasis added). The Department alleges that its request for our computerized voter registration list is in furtherance of its legal obligation to ensure Michigan's compliance with the NVRA and the HAVA. Section 7 of the Privacy Act speaks to whether *individuals* must disclose personal information to a State or federal agency, not whether the social security number is exempt from protection or can be disclosed by the State.

Federal Courts have also held that confidential personally identifiable information is exempt from disclosure. In recent years, courts have repeatedly stated that the disclosure of sensitive, private information contained within a voter registration list is not required to comply with the public review provisions of the NVRA. Pub. Int. Legal Found., Inc. v. N. Carolina State Bd. of Elections, 996 F.3d 257, 268 (4th Cir. 2021) (holding "We therefore agree with the [North Carolina Board of Elections] that the Privacy Act, the Driver Protection Act, and any other statutory restrictions placed on the release of documents obtained through the SAVE system, may *preclude* the disclosure of documents obtained by the Board from the DMV and USCIS."). See also True the Vote v. Hosemann, 43 F. Supp. 3d 693, 739 (S.D. Miss. 2014) ("[T]he NVRA Public Disclosure Provision does not require the disclosure of unredacted voter registration documents, including voter registrant birthdates.").[2]

Finally, to clarify for the record, the Driver Privacy Protection Act generally prohibits disclosure of personal information obtained when a person applies for an identification card or driver's license. The Act carves out exceptions to this general rule in 18 U.S.C § 2521(a)(2) and (b). Subsection (a) (2) specifically outlines four instances where highly sensitive personal information *may* be released, in accordance with 18 USC § 2521(b). The law does not require disclosure of any information in 18 U.S.C § 2521(b)(1)-(14), it merely permits it.

Therefore, for the reasons listed above, in conformity with federal and Michigan law, we are providing the public version of our statewide voter registration list. Additional responses to your July 21, 2025 letter are forthcoming.

Thank you,

/s/ Khyla D. Craine
Chief Legal Director
Michigan Department of State

Attachments submitted via Justice Enterprise File Sharing (JEFS) system.

---

[2] See also Pub. Int. Legal Found., Inc. v. Bellows, 92 F.4th 36, 56 (1st Cir. 2024); Project Vote, Inc. v. Kemp, 208 F. Supp. 3d 1320, 1344 (N.D. Ga. 2016) ("Section 8(i) requires the disclosure of individual voter registration records, but it does not require the disclosure of sensitive information that implicates special privacy concerns."); Project Vote, 752 F. Supp. 2d at 711-12 (finding that the NVRA does not preclude redaction of Social Security Numbers in voter registration applications before public disclosure of such applications).