**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

JOCELYN BENSON, in her official capacity as
Michigan Secretary of State; and the STATE OF
MICHIGAN,

                    Defendants,

    and

MICHIGAN ALLIANCE FOR RETIRED
AMERICANS, DONALD DUQUETTE, and
KEELY CRIMANDO,

                    Intervenor-Defendants.

CIVIL ACTION

Case No. 1:25-cv-1148-HYJ-PJG

Hon. Hala Y. Jarbou

**JOINT STATUS REPORT PURSUANT TO RULE 26(f)**

A Rule 16 Scheduling Conference is scheduled for December 29, 2025, at 2:00 p.m. before

Hon. Phillip J. Green. Appearing for the parties as counsel will be:

- <u>Plaintiff</u>: Eric Neff (to be replaced by a TBD Trial Attorney by 12/31/2025)

- <u>Defendants</u>:  Heather Meingast, Erik Grill

- <u>Intervenors</u>: Aria Branch, Joshua Abbuhl, Derek Zeigler.

    1.    <u>Jurisdiction</u>: Plaintiff asserts jurisdiction under 28 U.S.C. §§ 1331, 1345, and

2201(a); 52 U.S.C. §§ 20510(a) and 21111; and 52 U.S.C. § 20705.

- <u>Plaintiff</u>:

- <u>Defendants</u>:  Defendants do not dispute the Court's jurisdiction.

- <u>Intervenors</u>: Intervenors do not dispute the Court's jurisdiction.

2.     <u>Jury or Non-Jury</u>: This case is to be tried by the Court as a trier of law and fact.

3.     <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4.     <u>Statement of the Case</u>: This case involves a demand for the production of Michigan's full, unredacted statewide voter registration list to the U.S. Department of Justice, and whether the Civil Rights Act of 1960, the National Voter Registration Act, and the Help America Vote Act require Defendants to produce the list to the Department of Justice.

5.     <u>Prospects of Settlement</u>: The parties have not engaged in settlement negotiations to date. Plaintiff does not believe settlement is possible. Defendants do not believe settlement is possible because they have already provided all publicly-available information that can be provided consistent with their legal obligations, and the Plaintiff is not entitled to any additional information. Intervenors do not believe settlement is viable because they oppose the unauthorized disclosure of their sensitive, personal information, and the Department of Justice has already received the publicly available version of Michigan's statewide voter registration list, and it is not entitled to any other information.

6.     <u>Pendent State Claims</u>: This case does not include pendent state claims.

7.     <u>Joinder of Partis and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by 30 days after the pending motions to dismiss are decided.

8.     <u>Disclosures and Exchanges</u>:

a. FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

- The parties will make their Rule 26(a)(1) disclosures by January 31, with a continuing duty to supplement.

b. Plaintiff does not expect expert witness testimony to be necessary. Defendants expect to be able to furnish the names of Defendants' expert witness(es) within 30 days after Plaintiff discloses their experts, if any. Intervenors do not expect to call an expert witness, except potentially in rebuttal. Intervenors will disclose the names of a rebuttal expert, if any, within 30 days after Plaintiff's expert disclosures.

c. It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: Plaintiff shall disclose their expert reports 60 days following FED. R. CIV. P. 26(a)(1) disclosures. Defendants and Intervenors shall disclose their expert reports 60 following Plaintiff's FED. R. CIV. P. 26(a)(2) disclosure.

d. The parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by May 29, 2026. The parties recommend the following discovery plan:

<u>Plaintiff</u>: Plaintiff does not believe a discovery plan is necessary as the action is concluded on the merits on the adjudication of the Motion to Dismiss.

<u>Defendants</u>:  Defendants intend to pursue discovery into the Department of Justice's purpose for requesting the information sought, as well as its compliance with federal privacy laws for the requested information.

<u>Intervenors</u>: Intervenors believe that discovery is necessary into (at least) the United States' assertions regarding its basis and purpose for demanding Michigan's unredacted voter list and its intended uses of the data it seeks and the United States' assertions that it would abide by federal privacy laws. Intervenors believe that the Court's presumptive limitations on discovery should govern this case. *See* ECF No. 44, at 1.

10.    <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

The parties agree to confer regarding an ESI protocol and will file that protocol with the Court upon the parties' agreement.

11.    <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>: The parties intend to discuss a potential claw-back agreement regarding the assertion of claims of privilege or work-product immunity after production.

12.    <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and, in the case of all nondispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

<u>Plaintiff:</u> United States believes the adjudication of the Motion to Dismiss is dispositive in this matter.

<u>Defendants</u>: Defendants have a pending motion to dismiss under Fed. R. Civ. Proc. 12.  If that motion is not granted, Defendants anticipate filing a motion for summary judgment following the conclusion of discovery.

<u>Intervenors</u>: Intervenors have filed a motion to dismiss, which is pending. If that motion is denied, Intervenors anticipate filing a motion for summary judgment after the close of discovery.

The parties anticipate that all dispositive motions will be filed by 45 days after the close of discovery, with an appropriate briefing schedule for responses and replies following thereafter.

13.    <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

<u>Plaintiff</u>: United States believes any ADR would be inapplicable to this action.

<u>Defendants</u>:  Defendants propose that any ADR occur after the close of discovery.   Defendants agree to Early Neutral Evaluation.

<u>Intervenors</u>: Intervenors propose that Alternative Dispute Resolution occur after the close of discovery. Intervenors prefer Early Neutral Evaluation as the form of Alternative Dispute Resolution.

14.    <u>Length of Trial</u>: Counsel do not believe a trial likely will be necessary in this case, but if a trial is necessary, Counsel estimates that the trial will last approximately three days total,

allocated as follows one day for Plaintiff's case, one day for Defendants' case, and one day for Intervenors' case.

15.    <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must *file* documents electronically but *serve pro se* parties with paper documents in the traditional manner.

16.    <u>Other</u>: The parties do not believe any other issues warrant the Court's attention at this time.

DATED: December 23, 2025

Respectfully submitted,

<u>/s/ Eric Neff</u>
ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division
150 M St. NE, Ste 8-139
Washington, DC 20009
Eric.Neff@usdoj.gov
Tel. (202) 307-2767
Attorneys for the United States

<u>*s/Erik A. Grill*</u>
 Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
Attorneys for Defendants
P.O. Box 30736

Lansing, Michigan 48909
517.335.7659
Email:  grille@michigan.gov
(P64713)

*/s/ Aria Branch*
Aria Branch
Joshua Abbuhl
Branden Lewiston
Derek A. Zeigler
**ELIAS LAW GROUP**
250 Massachusetts Ave NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
abranch@elias.law
jabbuhl@elias.law
blewiston@elias.law
dzeigler@elias.law

Sarah Prescott
**SALVATORE PRESCOTT PORTER & PORTER**
105 E. Main St.
Northville, MI 48167
Telephone: 248-679-8711
prescott@spplawyers.com

*Attorneys for Intervenors*

7