RECEIVED - LN
December 26, 2025
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MIC

Honorable Hala Y. Jarbou
Chief United States District Judge
U.S. District Court for the Western District of Michigan
110 Michigan Street, NW
Grand Rapids, MI 49503
Re: Case number: 25-cv-01148

12/22/2025

Dear Chief Judge Jarbou,

I write to you respectfully as a concerned citizen of Michigan who values the rule of law, public accountability, and public confidence in our judicial institutions.

I am following United States v. Benson with great interest and concern, particularly as it relates to the decision by Michigan officials to withhold certain voter registration records from the United States Department of Justice. While I fully understand and respect the importance of privacy protections and the careful balancing of competing interests, I am troubled by what appears to be an underlying implication that the judgment of the Department of Justice itself may not be trusted in this matter.

The Department of Justice is our nation's chief law enforcement authority, entrusted with enforcing federal law, safeguarding civil rights, and upholding the integrity of our democratic systems. In many areas of civic life, individuals routinely entrust sensitive personal information—including Social Security numbers and other private identifiers—to institutions with the expectation that such information will be used only for its lawful and intended purpose. This includes, for example, employment and payroll systems, applying for credit or housing, healthcare and hospital records, tax administration, and voter-related systems such as the Electronic Registration Information Center (ERIC). In each of these contexts, the public relies on strict safeguards, oversight, and legal accountability to protect that information—not on the outright refusal to provide it to authorized entities.

Against that backdrop, the refusal to provide records to the Department of Justice raises an unsettling question for members of the public like myself: if the DOJ's judgment cannot be trusted in a

matter involving lawful oversight of voter registration records, how can the public maintain confidence in the exercise of that same judgment in other areas, including criminal enforcement and civil rights protection, where sensitive information is also routinely reviewed and safeguarded?

My concern is not rooted in partisanship, but in public confidence. Courts play a critical role not only in deciding cases, but in reinforcing trust in the institutions that sustain our democracy. When citizens perceive a breakdown in trust between state officials and federal law enforcement—particularly in an area as foundational as elections—it can erode confidence far beyond the scope of a single case.

I recognize that your role requires impartiality and careful adherence to the law, and I offer this letter not as a challenge to the Court's authority, but as an expression of genuine concern about the broader implications of this dispute. I respectfully hope the Court will continue to weigh not only the legal arguments presented, but also the importance of transparency, lawful cooperation, and public trust in the administration of justice.

Thank you for your time, your service, and your commitment to upholding the Constitution and the rule of law.

Respectfully,

Helena Nunn
Detroit, Michigan

[multiple signatures]

Helena Nuhm
4357 Leslie St.
Detroit, MI 48238

RECEIVED
JAN 2 2026
LN-jg

METROPLEX MI 480
23 DEC 2025 PM 16 L

RECEIVED (GR)
U.S. District Court Clerk
DEC 26 2025
Western Michigan

Honorable Hala Y. Jarbou
Chief United States District Judge
U.S. District Court / Western Dist. of MI
110 Michigan Street, NW
Grand Rapids MI 49503

49503-236399

Honorable Hala Y. Jarbou
Chief United States District Judge
U.S. District Court for the Western District of Michigan
110 Michigan Street, NW
Grand Rapids, MI 49503
Re: Case number: 25-cv-01148

12/22/2025

Dear Chief Judge Jarbou,

I write to you respectfully as a concerned citizen of Michigan who values the rule of law, public accountability, and public confidence in our judicial institutions.

I am following United States v. Benson with great interest and concern, particularly as it relates to the decision by Michigan officials to withhold certain voter registration records from the United States Department of Justice. While I fully understand and respect the importance of privacy protections and the careful balancing of competing interests, I am troubled by what appears to be an underlying implication that the judgment of the Department of Justice itself may not be trusted in this matter.

The Department of Justice is our nation's chief law enforcement authority, entrusted with enforcing federal law, safeguarding civil rights, and upholding the integrity of our democratic systems. In many areas of civic life, individuals routinely entrust sensitive personal information—including Social Security numbers and other private identifiers—to institutions with the expectation that such information will be used only for its lawful and intended purpose. This includes, for example, employment and payroll systems, applying for credit or housing, healthcare and hospital records, tax administration, and voter-related systems such as the Electronic Registration Information Center (ERIC). In each of these contexts, the public relies on strict safeguards, oversight, and legal accountability to protect that information—not on the outright refusal to provide it to authorized entities.

Against that backdrop, the refusal to provide records to the Department of Justice raises an unsettling question for members of the public like myself: if the DOJ's judgment cannot be trusted in a

matter involving lawful oversight of voter registration records, how can the public maintain confidence in the exercise of that same judgment in other areas, including criminal enforcement and civil rights protection, where sensitive information is also routinely reviewed and safeguarded?

My concern is not rooted in partisanship, but in public confidence. Courts play a critical role not only in deciding cases, but in reinforcing trust in the institutions that sustain our democracy. When citizens perceive a breakdown in trust between state officials and federal law enforcement—particularly in an area as foundational as elections—it can erode confidence far beyond the scope of a single case.

I recognize that your role requires impartiality and careful adherence to the law, and I offer this letter not as a challenge to the Court's authority, but as an expression of genuine concern about the broader implications of this dispute. I respectfully hope the Court will continue to weigh not only the legal arguments presented, but also the importance of transparency, lawful cooperation, and public trust in the administration of justice.

Thank you for your time, your service, and your commitment to upholding the Constitution and the rule of law.

Respectfully,

Helena Nunn
Detroit, Michigan

Helena Case
4357 Leslie St.
Detroit, MI 48238

RECEIVED
JAN 2 2026
LN-jlj

RECEIVED (GR)
U.S. District Court Clerk
DEC 2 6 2025
Western Michigan

METROPLEX MI 480
23 DEC 2025  PM 17 L

Honorable Hala Y. Jarbou
Chief United States District Judge
U.S. District Court for the Western Dist MI
110 Michigan Street, NW
Grand Rapids, MI 49503

49503-236399